## AYERS v. MISSOURI-K.-T. R. CO.

No. 21731. Jan. 16, 1934.

West, Gibson, Sherman, Davidson & Hull and S. B. Triplett, for plaintiff in error.

M. D. Green, John E. M. Taylor, and Eric Haase, for defendant in error.

CULLISON, V. C. J. A. B. Ayers, as plaintiff, filed suit against the Missouri, Kansas and Texas Railroad seeking to recover for the loss of certain luggage while traveling on defendant's train and for money expended by plaintiff in his attempt to recover said luggage. Plaintiff alleged in his petition that he purchased a ticket from defendant providing transportation between Muskogee and Tulsa on defendant's railroad train, and that a porter in defendant's employ took possession of his luggage, but that said porter did not exercise reasonable care in protecting the same, and plaintiff's luggage was lost or stolen from said porter. Defendant demurred to said petition. Upon presenting the same the court sustained said demurrer.

Plaintiff appeals, and the question that determines said appeal is the application of section 4899, C. O. S. 1921 [O. S. 1931, sec. 9268], which section is as follows:

"A common carrier must deliver every passenger's luggage, whether within the prescribed weight or not, immediately upon the arrival of the passenger at his destination; and unless the vehicle be overcrowded or overloaded thereby, must carry it on the same vehicle by which he carries the passenger to whom it belongs; **except that where luggage is transported by rail, it must be checked and carried in a regular baggage car; and whenever passengers neglect or refuse to have their luggage so checked and transported, it is carried at their risk.**"

We observe that the latter part of said section provides:

"* * * except that where luggage is transported by rail, it must be checked and carried in a regular baggage car; and whenever passengers neglect or refuse to have their luggage so checked and transported, **it is carried at their risk.**"

Plaintiff did not allege in his petition that his luggage was checked so as to be carried in the baggage car of defendant company, but his petition does show that the baggage was received in the coach in which plaintiff was riding.

Under the statute, defendant would be liable for plaintiff's luggage if the same was checked and placed in the baggage car, but said section explicitly provides that if the passenger neglects or refuses to have his luggage checked so as to be transported

in the baggage car, then said luggage is carried at the passenger's risk.

The fact that a porter aids a passenger in entering a passenger car by lifting his baggage therein does not annul the effect of said statute.

Proper facilities for the protection and transportation of the luggage of passengers upon trains is provided by the company operating such trains, but if the passenger thereon does not desire to take advantage of such facilities so provided, his luggage is then carried at his own risk in accordance with the provisions of section 4899, C. O. S. 1921 [O. S. 1931, sec. 9268].

The judgment of the trial court in sustaining the demurrer is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.